United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH ANTHONY REYNA,
Plaintiff,

v.

NISSAN NORTH AMERICA, INC.,
Defendant.

Case No. 26-cv-00472-NW

**ORDER GRANTING MOTION TO TRANSFER VENUE**

Re: ECF No. 27

Plaintiff Joseph Anthony Reyna alleges that Defendant Nissan North America, Inc. ("Nissan") discriminated against him on the basis of his disability, attention deficit disorder ("ADD"), by calling Plaintiff by telephone regarding his car warranty claim after Plaintiff had submitted an accommodations request for Nissan to contact him by writing only. *See* ECF No. 16. Plaintiff brings claims under the Americans with Disabilities Act and several California antidiscrimination statutes. *See id.* Plaintiff is *pro se* and proceeds *in forma pauperis*. *See* ECF No. 13.

Plaintiff is considered a vexatious litigant in the Northern and Western Districts of Texas, where he is prohibited from filing new cases without pre-approval.[1]

Before the Court is Nissan's Motion to Dismiss or Transfer Plaintiff's First Amended

[1] *See Reyna v. Walmart Inc.*, No. 1:25-CV-02159-ABD-SH, 2026 WL 2975786, at *1–2 (W.D. Tex. Sept. 30, 2026), *report and recommendation adopted*, No. 1:25-CV-02159, 2026 WL 3153101 (W.D. Tex. Oct. 21, 2026) (noting that multiple judges in the district and the Fifth Circuit have found Mr. Reyna to be vexatious); *Reyna v. Meta Platforms Inc.*, No. 3:25-CV-3562-N-BK, 2026 WL 569037, at *2 (N.D. Tex. Jan. 26, 2026), *report and recommendation adopted*, No. 3:25-CV-3562-N-BK, 2026 WL 565323 (N.D. Tex. Feb. 27, 2026) (requiring Mr. Reyna to obtain the court's approval before filing again in the Northern District, just as in the Western District).

Complaint ("FAC"). ECF No. 27. The motion is fully briefed.[2] ECF Nos. 32, 38. Having considered the parties' briefs and the relevant legal authority, the Court concluded oral argument was not required, *see* N.D. Cal. Civ. L.R. 7-1(b), and vacated the hearing. ECF No. 54. The Court GRANTS Defendant's Motion to Transfer Venue.

## I. BACKGROUND

Plaintiff alleges that on February 6, 2025, his vehicle suffered a mechanical failure that was subject to a recall by Nissan. FAC ¶¶ 19–22. Plaintiff alleges that on July 7 and 8, 2025, he contacted Defendant to request that, as an accommodation for his ADD, Nissan only communicate with him about his vehicle warranty claim in writing, as opposed to by telephone. *Id.* ¶ 23. According to Plaintiff, on July 8, 2025, the same day he contacted Nissan with his request, a representative from Nissan called him and left a voicemail directing Plaintiff to call a number as part of the arbitration-intake process for his warranty claim. *Id.* ¶ 25. Plaintiff argues that this call constituted "willful discrimination" because Nissan ignored his accommodations request pursuant to a "telephone-only policy." *Id.* ¶¶ 26–27.

Plaintiff resides in Austin, Texas. *Id.* ¶ 8. Defendant is incorporated in Delaware and headquartered in Franklin, Tennessee. Mot. at 7–8, ECF No. 27; Decl. of L. McPherson ¶ 4, ECF No. 27-1. Plaintiff does not allege that any of the events described in the FAC occurred in California. Instead, all events appear to have happened in or near Austin, Texas. *See* FAC ¶¶ 8, 19–28.

---

[2] Nissan re-filed its motion following reassignment of this case, which triggered a new opposition by Plaintiff, to which Defendant objected. *See* ECF Nos. 42, 47, 48, 50. The Court does not consider any new arguments in these materials. Reassignment does not reopen briefing. The Court also declines to consider Plaintiff's proposed sur-reply because Plaintiff does not meet the requirements of Local Rule 7-3(d) and because "Plaintiff's proposed sur-reply would not be helpful to the resolution of the pending motion" to transfer. *Walters v. Curaleaf Inc.*, No. CV-26-04237-PHX-JAT, 2026 WL 3406998, at *5 (D. Ariz. Nov. 10, 2026); *see* ECF No. 41. Finally, the Court denies Plaintiff's requests for judicial notice, *see* ECF Nos. 32, 46, because the documents Plaintiff submits are not relevant to the Court's assessment of Defendant's motion. *See Salcido v. City of Mountain View*, No. 24-CV-08833-NC, 2025 WL 1307811, at *3 (N.D. Cal. May 6, 2025) ("If the documents presented are not relevant to the legal issues before the court, the court can decline to take judicial notice of them.") (citing *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 399 n.7 (9th Cir. 2000)).

## II. DISCUSSION

Nissan moves to dismiss this case for improper venue under 28 U.S.C. § 1406(a), or to transfer this case to the Western District of Texas under 28 U.S.C. § 1404(a). Mot. at 9–10. Alternatively, Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Id.* at 13. Because the Court finds transfer appropriate, it does not consider the motion to dismiss.

If a case is brought in an improper venue, the district court in which it was filed must either dismiss the action, or, if in the interest of justice, transfer the case to any district where it could have been brought. 28 U.S.C. § 1406(a). Additionally, even if venue is proper, if it is in the interest of justice, and if the convenience of the parties and witnesses weighs in favor, a district court may transfer a case to any district where it could have been brought. 28 U.S.C. § 1404(a).

There is no basis to maintain venue in this district. Neither Plaintiff nor Defendant resides in California, and no part of Plaintiff's alleged vehicle failure or the associated phone call from Defendant occurred in California. While Plaintiff pleads that "Defendant operates hundreds of authorized dealerships throughout California," he identifies no contacts or relationship between him and any California Nissan dealership or any California agent of Nissan. FAC ¶ 9.

Plaintiff directs the Court to 28 U.S.C. § 1391(b)(1), under which venue is proper where a defendant resides, and § 1391(c)(2), which provides that "an entity . . . shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." But Plaintiff has not established that Defendant is subject to personal jurisdiction in this district. The Court has no general jurisdiction over Defendant because it is not incorporated or headquartered in this State. *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358–59 (2021). And the Court has no specific jurisdiction over Defendant because none of the events underlying Plaintiff's claims occurred in California, or "arise[] out of or relate[] to [Nissan's] forum-related activities." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017). Plaintiff's allegations that Defendant has dealerships in this State and that "Defendant's customer-care telephone system is the access mechanism for Defendant's California dealership network" do not explain how Defendant's California operations are connected to the July 8, 2025 phone call—Nissan's alleged

discriminatory conduct. FAC ¶ 16; Opp. at 3–4, ECF No. 32.

Because Plaintiff lives in the Western District of Texas and the events of this case occurred there, venue is proper there and it is the most convenient forum for the parties and witnesses. And Texas presumably has a greater interest in this dispute than California, given that a Texas citizen was allegedly harmed by business practices occurring in Texas. The Court therefore finds transfer to the Western District of Texas appropriate. *See Morris v. Evans*, No. 26-CV-01563-JST, 2026 WL 2170427, at *1 (N.D. Cal. July 28, 2026) ("Because 'dismissal of an action that could have been brought elsewhere is time-consuming and justice-defeating,' courts usually find that transfer is in the interest of justice.") (quoting *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990)).[3]

## III. CONCLUSION

In the interest of justice, this action is TRANSFERRED to the United States District Court for the Western District of Texas. The Clerk shall transfer the matter, terminate all pending motions, and close the case.

**IT IS SO ORDERED.**

Dated: November 20, 2026

Noël Wise
United States District Judge

[3] The Court notes that some courts in this district have concluded that an entity defendant's failure to raise a challenge to personal jurisdiction in conjunction with a challenge to venue is fatal to the venue challenge because the defendant has effectively waived personal jurisdiction and thus established residency. *See Doe v. Epic Games, Inc.*, 435 F. Supp. 3d 1024, 1039 (N.D. Cal. 2020) (listing cases); *Crowder v. Shade Store, LLC*, No. 23-CV-02331-NC, 2024 WL 4868312, at *5 (N.D. Cal. Nov. 15, 2024) (noting the trend). While Nissan does not concede personal jurisdiction, it also does not explicitly challenge personal jurisdiction in its briefing. The Court reads Nissan to be objecting to jurisdiction in addition to venue and finds its failure to explicitly mention personal jurisdiction harmless. But to the extent that the Court's finding is erroneous, the Court also discretionarily transfers this case under 28 U.S. Code § 1404(a).